### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

**Case No.: 25-cv-25905**

CAPCOM CO., LTD.,

                         Plaintiff,

     v.

THE PARTNERSHIPS and
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

                     Defendants.

_____/

### COMPLAINT

Plaintiff Capcom Co., Ltd. ("Plaintiff" or "Capcom") hereby brings the present action against the Partnerships and Unincorporated Associations Identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

### I.     JURISDICTION AND VENUE

1.     This is an action seeking damages and injunctive relief for trademark counterfeiting and infringement and false designation of origin, and/or copyright infringement, under the Lanham Act 15 U.S.C. §§ 1051 *et seq.*, 1114, 1116, 1121, 1125(a), (d); the Copyright Act 17 U.S.C. §§ 106 and 501 *et seq.*; and the All Writs Act, 28 U.S.C. § 1651(a).

2.     This Court has original subject matter jurisdiction over Capcom's claims pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 *et seq.*; the Copyright Act 17 U.S.C. § 501 *et seq.*; 28 U.S.C. § 1338(a)–(b); and 28 U.S.C. § 1331.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may exercise personal jurisdiction over Defendants because Defendants structure their business

activities to directly target consumers in the United States, including Florida, through at least the fully interactive e-commerce stores operating under the aliases identified on Schedule A attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to Florida residents by setting up and operating e-commerce stores that target United States consumers; offer shipping to the United States, including Florida; accept payment in U.S. dollars; and, on information and belief, have sold products using infringing and counterfeit versions of Capcom's federally registered trademarks and/or unauthorized copies of Capcom's federally registered copyrighted works, including the distinctive characters embodied therein (collectively, the "Unauthorized Products") to residents of the United States. Each of the Defendants is committing tortious acts in the United States and Florida, is engaging in interstate commerce, and has wrongfully caused Capcom substantial injury in the United States, including in Florida.

## II.      INTRODUCTION

4.      Capcom filed this case to prevent e-commerce store operators who trade upon Capcom's reputation and goodwill from further selling and/or offering for sale Unauthorized Products. Defendants create e-commerce stores under one or more Seller Aliases and then advertise, offer for sale, and/or sell Unauthorized Products to unknowing consumers. E-commerce stores operating under the Seller Aliases share unique identifiers, such as design elements and similarities of the Unauthorized Products offered for sale, establishing that a logical relationship exists between them, and that Defendants' infringing operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants take advantage of a set of circumstances, including the anonymity and mass reach afforded by the Internet and the cover afforded by international borders, to violate Capcom's intellectual property rights with impunity. Defendants attempt to avoid liability by operating under one or more Seller Aliases to conceal

their identities, locations, and the full scope and interworking of their operation. Capcom is forced to file this action to combat Defendants' counterfeiting of its registered trademarks and infringement of its registered copyrighted works, as well as to protect consumers from purchasing Unauthorized Products over the Internet. Capcom has been, and continues to be, irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks and infringement of its copyrighted works because of Defendants' actions and therefore seeks injunctive and monetary relief.

## III.   THE PARTIES

5.      Capcom began in 1979 as an electronic game machine manufacturer and distributor. Capcom quickly built a reputation for introducing cutting-edge technology and software to the video game market. Now an industry leader in the video game industry, Capcom's legacy of historic franchises in home and arcade gaming are testaments to an unparalleled commitment to excellence. Capcom created groundbreaking franchises like Street Fighter, Resident Evil, Devil May Cry, Ace Attorney, Mega Man, and the subject of this action, Monster Hunter.

6.      The first *Monster Hunter* video game was released in 2004 and is a fantasy-themed action role-playing game that has the player's character hunt and slay monsters, gather monster parts and resources to upgrade their gear, so that they can continue to hunt stronger and more dangerous monsters. The player character is tasked by the Hunters' Guild to hunt these monsters while researching the origin and behavior of these monsters.

7.      Monster Hunter is one of Capcom's most popular franchises. Since the release of the original *Monster Hunter*, Capcom has released numerous sequels, remasters, expansions, and or spinoff games, a movie, an animated television series, and an animated movie, with more games

currently in production. The *Monster Hunter* games have sold over 120 million units worldwide. Some of the characters and character names made famous by *Monster Hunter* include, but are not limited to:[1]

| | |
|---|---|
| **Rathalos** |  |
| **Zinogre** | |

---

[1] The characters contained within the table are not an exhaustive list of the characters embodied in Capcom's copyrighted works. This table is included only to provide examples of the characters found on the infringing products offered for sale or sold by Defendants. Regardless of any changes in their design, each of these characters, among others contained within Capcom's copyrighted works, have always maintained their distinctive qualities and unique elements of expression.

| | | |
|---|---|---|
| **Palamute** | |  |
| **Almudron** | | |

| Nergigante |  |
|------------|--|
| Lagiacrus | |

| | | |
|---|---|---|
| **Velkhana** | |  |
| **Kirin** | | |

| | |
|---|---|
| **Mizutsune** |  |
| **Nargacuga** | |

8.     Before Defendants' acts described herein, Capcom launched its Monster Hunter franchise and lines of products bearing its famous Monster Hunter marks. Capcom has also registered a multitude of *Monster Hunter* works, which include the distinctive characters embodied therein, with the United States Copyright Office (the "Capcom Copyrighted Works").

9.      The Capcom Copyrighted Works are registered with the United States Copyright Office. True and correct copies of the records from the U.S. Copyright Office website for the Capcom Copyrighted Works are attached hereto as **Exhibit 1**. The Capcom Copyrighted Works embody the distinctive characters found in paragraph 7 above.

10.      Among the exclusive rights granted to Capcom under the U.S. Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and display the Capcom Copyrighted Works to the public. Since first publication, the Capcom Copyrighted Works have been used on Capcom's products and are featured on Capcom's official Monster Hunter merchandise website.[2]

11.      Capcom markets and sells a variety of Monster Hunter branded products, including clothing, pins, snacks, plushies, figurines, toys, and video games (collectively, "Capcom Products").

12.      Capcom Products have become enormously popular and even iconic, driven by Capcom's quality standards and innovative designs. Among the purchasing public, Capcom Products are instantly recognizable as such. The Monster Hunter brand has become a global success and Capcom Products are among the most recognizable in the world. Capcom Products are distributed and sold to consumers through Capcom's official Monster Hunter merchandise website and authorized licensees.

13.      Capcom has continuously used the trademark MONSTER HUNTER, and other trademarks, and has continuously sold products under its trademarks (collectively, the "Capcom Trademarks"). As a result of this continuous use as well as the fame and popularity of Monster Hunter brand, strong common law trademark rights have amassed in the Capcom Trademarks.

---

[2] www.e-capcom.com/sp/apparel/amazon/en/monsterhunter.html

Capcom's use of the marks has also built substantial goodwill in the Capcom Trademarks. The Capcom Trademarks are famous marks and valuable assets of Capcom. Capcom Products typically include at least one of the Capcom Trademarks and/or Capcom Copyrighted Works.

14.     The Capcom Trademarks are registered with the United States Patent and Trademark Office, a non-exclusive list of which is included below.

| Registration Number | Trademark | Registration Date | Goods and Services |
|---|---|---|---|
| 3,689,429 | MONSTER HUNTER | Sep. 29, 2009 | For: Computer game software; Computer game in the form of cartridges, or discs; Video game cartridges; Downloadable game software; Downloadable computer games; Downloadable game software for playing on mobile phones; Screen saver software and wallpaper software; Downloadable images, moving images and music for mobile phones in Class 009. |
| 4,276,023 | MONSTER HUNTER | Jan. 15, 2013 | For: Pre-recorded cinematographic films, video discs, DVDs, and high-definition DVDs featuring animated cartoons, music, and motion picture films about action, adventure, drama and comedy; Downloadable graphics and music via a global computer network, other than for mobile phones in Class 009. |
| 4,651,731 | MONSTER HUNTER | Dec. 9, 2014 | For: Providing computer games to others that may be accessed via the Internet; Providing non-downloadable Internet games to others; Providing electronic games for mobile phones and smart phones via the Internet; Providing images, motion pictures, video games, and music via the Internet; |

| | | | |
|---|---|---|---|
| | | | Providing images, motion pictures, video games, music videos and music through communication via mobile phones and smart phones; Electronic publishing services, namely, online publication of non-downloadable text and graphic works of others featuring computer and video games and strategies thereof; Providing on-line non-downloadable newsletters in the field of computer games and video games; Providing on-line non-downloadable electronic publications and documentation, namely, articles and reports featuring computer game strategy and video game strategy; Organization of on-line non-downloadable entertainment competitions for others, namely, video gaming competitions, Providing on-line interactive multiplayer games; Providing online information services relating to entertainment, namely, movies, music and games; Providing information about movies, games and music through communication via mobile phones and smart phones in Class 041. |
| 6,695,548 | MONSTER HUNTER RISE | Apr. 5, 2022 | For: Electronic circuits, magnetic discs, optical magnetic discs and optical discs in the form of ROM cartridges and storage media storing game programs for handheld game apparatus with liquid crystal display; downloadable game programs for handheld game apparatus with liquid crystal |

| | | | display; recorded game programs for handheld game apparatus with liquid crystal display; electronic circuits, magnetic discs, optical magnetic discs and optical discs in the form of ROM cartridges and storage media storing game programs for consumer video game apparatus; downloadable game programs for consumer video game apparatus; recorded game programs for consumer video game apparatus; downloadable game programs for mobile phones; recorded game programs for mobile phones; downloadable game programs for smart phones; recorded game programs for smart phones; downloadable game programs for mobile information terminal equipment; downloadable game programs for mobile information communication terminal equipment; downloadable computer game programs; downloadable game programs for virtual reality, augmented reality and mixed reality; recorded computer game programs; electronic circuits, magnetic discs, optical magnetic discs, optical discs and storage media storing computer game programs; electronic circuits, magnetic discs, optical magnetic discs, optical discs and storage media storing game programs for mobile phones, smart phones and mobile information communication terminal equipment; electronic circuits and storage media storing |
|---|---|---|---|

| | | | game programs for arcade video game machines; downloadable game programs for arcade video game machines; recorded game programs for arcade video game machines; downloadable game programs; straps for mobile phones; straps for smart phones; covers for smart phones; cases for smart phones; protective films adapted for smart phones; downloadable screen saver and wall paper software for mobile phones and smart phones; downloadable ring tones and music for mobile phones, smart phones and mobile information terminal equipment; downloadable ring tones and music; recorded audio compact discs featuring music; phonograph records featuring music; downloadable images and pictures for the standby display of mobile phones, smart phones and mobile information terminal equipment; downloadable images and pictures in the field of computer games, video games, mobile games and animation; recorded video discs, video tapes and compact discs featuring video games, computer games, mobile games, animation, and music and artwork; exposed cinematographic films; exposed slide films; slide film mounts; downloadable electronic publications; personal digital assistants in the shape of a watch; smart phones; storage media storing game programs for smart phones, programs for handheld |
|---|---|---|---|

game apparatus with liquid crystal display, game programs for consumer video game apparatus, game programs for computers and programs for arcade video game machines featuring electronic sports; downloadable game programs for handheld game apparatus with liquid crystal display, downloadable game programs for consumer video game apparatus, downloadable game programs for mobile phones, downloadable game programs for smart phones, downloadable game programs for mobile information communication terminal equipment, downloadable game programs for computers, downloadable video game programs for computers, downloadable game programs for arcade video game machines and downloadable game programs featuring electronic sports in Class 009.

For: On-line game services and providing information relating thereto; game services provided on-line from a computer network and providing information relating thereto; on-line game services for mobile telephones and providing information relating thereto; on-line game services for smart phones and providing information relating thereto; on-line game services for mobile information communication terminal equipment and providing

| | | | information relating thereto; providing on-line computer games and providing information relating thereto; on-line game services for handheld games with liquid crystal displays and consumer video game apparatus, and providing information relating thereto; online game services for arcade video game machines and providing information relating thereto; organization, arranging or conducting of game tournaments for handheld game apparatus with liquid crystal display, mobile phones, smart phones and mobile information communication terminal equipment, and providing information relating thereto; organization, arranging or conducting of game tournaments for consumer video game apparatus, and providing information relating thereto; organization, arranging or conducting of game tournaments, and providing information relating thereto; organization, arranging or conducting of entertainment events relating to games for handheld game apparatus with liquid crystal display, mobile phones, smart phones and mobile information communication terminal equipment, and providing information relating thereto; organization, arranging or conducting of entertainment events relating to games for consumer video game apparatus, and |
|---|---|---|---|

|  |  |  | providing information relating thereto; organization, arranging or conducting of entertainment events relating to games, and providing information relating thereto; organization, arranging or conducting of electronic sports events relating to games for handheld game apparatus with liquid crystal display, mobile phones, smart phones and mobile information communication terminal equipment, and providing information relating thereto; organization, arranging or conducting of electronic sports events relating to games for consumer video game apparatus, and providing information relating thereto; organization, arranging or conducting of electronic sports events, and providing information relating thereto; organization, arranging or conducting of game tournaments in the field of electronic sports, and providing information relating thereto; providing on-line news, information and comments in the field of electronic sports; providing on-line non-downloadable videos featuring electronic sports and providing information relating thereto; provision of non-downloadable multimedia entertainment programs featuring electronic sports by television, broadband, wireless and on-line services and providing information relating thereto; provision of non-downloadable |
|---|---|---|---|

| | | | images, videos, movies, music and audio in the field of computer games, video games, mobile games, animation and artwork, via computer networks and providing information relating thereto; provision of non-downloadable images, videos, movies, music and audio in the field of computer games, video games, mobile games, animation and artwork, in communications by handheld game apparatus with liquid crystal display, mobile telephones, smart phones, mobile information communication terminal equipment and consumer video game apparatus, and providing information relating thereto; entertainment services featuring electronic sports and providing information relating thereto; entertainment services and providing information relating thereto; providing non-downloadable electronic publications featuring electronic sports and providing information relating thereto; providing non-downloadable electronic publications and providing information relating thereto; rental of recording media storing game programs for handheld game apparatus with liquid crystal display, mobile phones, smart phones and mobile information communication terminal equipment, and providing information relating thereto; rental |
|---|---|---|---|

| | | | | of recording media storing game programs for consumer video game apparatus and providing information relating thereto; rental of recording media storing game programs and providing information relating thereto; rental of toys, amusement machines and apparatus, game machines and apparatus, games for smart phones, games, arcade video game machines and consumer video game apparatus, and providing information relating thereto; publication of books and providing information relating thereto; rental of sound and video recordings, and providing information relating thereto; providing amusement facilities, play facilities and sports facilities providing simulated experiences of virtual reality or augmented reality by using computer graphics technology, and providing information relating thereto; providing amusement facilities, play facilities and sports facilities featuring electronic sports, and providing information relating thereto; providing amusement arcade services and providing information relating thereto; providing amusement facilities and providing information relating thereto; organization, arranging or conducting of events featuring cartoons, animations and movies, and providing information relating thereto; organization, arranging and conducting of movies, shows, plays |
|---|---|---|---|---|

|  |  |  | or musical performances, and providing information relating thereto; virtual reality game services for handheld game apparatus with liquid crystal display, mobile phones, smart phones and mobile information communication terminal equipment provided on-line from a computer network, and providing information relating thereto; virtual reality game services for consumer video game apparatus provided on-line from a computer network and providing information relating thereto; virtual reality game services provided on-line from a computer network and providing information relating thereto; augmented reality game services for handheld game apparatus with liquid crystal display, mobile phones, smart phones and mobile information communication terminal equipment provided on-line from a computer network, and providing information relating thereto; augmented reality game services for consumer video game apparatus provided on-line from a computer network and providing information relating thereto; augmented reality game services provided on-line from a computer network and providing information relating thereto; mixed reality game services for handheld game apparatus with liquid crystal display, mobile phones, smart phones and mobile information communication terminal equipment |

| | | | |
|---|---|---|---|
| | | | provided on-line from a computer network, and providing information relating thereto; mixed reality game services for consumer video game apparatus provided on-line from a computer network and providing information relating thereto; mixed reality game services provided on-line from a computer network and providing information relating thereto; movie theatre presentations or movie film production and distribution, and providing information relating thereto; production of videotape film in the field of education, culture, entertainment or sports, not for movies or television programs and not for advertising or publicity, and providing information relating thereto; providing facilities for movies, shows, plays, music or educational training and providing information relating thereto in Class 041. |
| 7,094,760 | MONSTER HUNTER RISE: SUNBREAK | Jun. 27, 2023 | For: Electronic circuits, magnetic discs, optical magnetic discs and optical discs in the form of ROM cartridges and storage media storing game programs for handheld game apparatus with liquid crystal display; downloadable game programs for handheld game apparatus with liquid crystal display; recorded game programs for handheld game apparatus with liquid crystal display; electronic circuits, magnetic discs, optical magnetic discs and optical discs in the form of ROM cartridges and |

| | | | storage media storing game programs for consumer video game apparatus; downloadable game programs for consumer video game apparatus; recorded game programs for consumer video game apparatus; downloadable game programs for mobile phones; recorded game programs for mobile phones; downloadable game programs for smart phones; recorded game programs for smart phones; downloadable game programs for mobile information terminal equipment; recorded game programs for mobile information communication terminal equipment; downloadable computer game programs; recorded game programs for virtual reality, augmented reality and mixed reality; recorded computer game programs; electronic circuits, magnetic discs, optical magnetic discs, optical discs and storage media storing computer game programs; electronic circuits, magnetic discs, optical magnetic discs, optical discs and storage media storing game programs for mobile phones, smart phones and mobile information communication terminal equipment; electronic circuits and storage media storing game programs for arcade video game machines; downloadable game programs for arcade video game machines; recorded game programs for arcade video game machines; downloadable video |
|---|---|---|---|

|  |  |  | game programs; covers for smart phones with illustrations of characters or scenes of computer games; cases for smart phones with illustrations of characters or scenes of computer games; covers for smart phones featuring logos of computer game titles; cases for smart phones featuring logos of computer game titles; downloadable screen saver and wall paper software for mobile phones and smart phones; downloadable ring tones and music for mobile phones, smart phones and mobile information terminal equipment; downloadable ring tones and music; recorded audio compact discs featuring music; phonograph records featuring music; downloadable images and pictures in the field of computer games, video games, mobile games and animation for the standby display of mobile phones, smart phones and mobile information terminal equipment; downloadable images and pictures in the field of computer games, video games, mobile games and animation; recorded video discs, video tapes and compact discs featuring video games, computer games, mobile games, animation, and music and artwork; exposed cinematographic films; exposed slide films; slide film mounts; downloadable electronic publications, namely, books, periodicals, magazines, newsletters and articles in the field |
| --- | --- | --- | --- |

of computer games, video games, mobile games and animation; personal digital assistants in the shape of a watch; smart phones; pre-recorded digital storage media storing game programs for smart phones, programs for handheld game apparatus with liquid crystal display, game programs for consumer video game apparatus, game programs for computers and programs for arcade video game machines featuring electronic sports; downloadable game programs for handheld game apparatus with liquid crystal display, downloadable game programs for consumer video game apparatus, downloadable game programs for mobile phones, downloadable game programs for smart phones, downloadable game programs for mobile information communication terminal equipment, downloadable game programs for computers, downloadable video game programs for computers, downloadable game programs for arcade video game machines and downloadable game programs featuring electronic sports in Class 009.

For: On-line game services and providing information relating thereto; game services provided on-line from a computer network and providing information relating thereto; on-line game services for

|  |  |  | mobile telephones and providing information relating thereto; on-line game services for smart phones and providing information relating thereto; on-line game services for mobile information communication terminal equipment and providing information relating thereto; providing on-line computer games and providing information relating thereto; on-line game services for handheld games with liquid crystal displays and consumer video game apparatus, and providing information relating thereto; online game services for arcade video game machines and providing information relating thereto; organization, arranging or conducting of computer game tournaments, electronic game tournaments and video game tournaments for handheld game apparatus with liquid crystal display, mobile phones, smart phones and mobile information communication terminal equipment, and providing information relating thereto; organization, arranging or conducting of computer game tournaments, electronic game tournaments and video game tournaments for consumer video game apparatus, and providing information relating thereto; organization, arranging or conducting of computer game tournaments, electronic game tournaments and video game |
|---|---|---|---|

|  |  |  | tournaments, and providing information relating thereto; organization, arranging or conducting of computer gaming events, electronic gaming events and video gaming events for handheld game apparatus with liquid crystal display, mobile phones, smart phones and mobile information communication terminal equipment, and providing information relating thereto; organization, arranging or conducting of computer gaming events, electronic gaming events and video gaming events for consumer video game apparatus, and providing information relating thereto; organization, arranging or conducting of computer gaming events, electronic gaming events and video gaming events, and providing information relating thereto; organization, arranging or conducting of electronic sports events relating to games for handheld game apparatus with liquid crystal display, mobile phones, smart phones and mobile information communication terminal equipment, and providing information relating thereto; organization, arranging or conducting of electronic sports events relating to games for consumer video game apparatus, and providing information relating thereto; organization, arranging or conducting of electronic sports events, and providing information |

|  |  |  | relating thereto; organization, arranging or conducting of game tournaments in the field of electronic sports, and providing information relating thereto; providing on-line news, information and comments in the field of electronic sports; providing on-line non-downloadable videos featuring electronic sports and providing information relating thereto; provision of non-downloadable multimedia entertainment programs featuring electronic sports by television, broadband, wireless and on-line services and providing information relating thereto; provision of non-downloadable images, videos, movies, music and audio in the field of computer games, video games, mobile games, animation and artwork, via computer networks and providing information relating thereto; provision of non-downloadable images, videos, movies, music and audio in the field of computer games, video games, mobile games, animation and artwork, in communications by handheld game apparatus with liquid crystal display, mobile telephones, smart phones, mobile information communication terminal equipment and consumer video game apparatus, and providing information relating thereto; entertainment services featuring electronic sports in the nature of video game exhibitions for |
|---|---|---|---|

|  |  |  | entertainment purposes, and providing information relating thereto; entertainment services, namely, providing online computer and video games, and providing information relating thereto; providing online non-downloadable electronic publications, namely, in the nature of e-books, weblogs, periodicals, magazines, newsletters and articles featuring electronic sports, and providing information relating thereto; providing online non-downloadable electronic publications, namely, in the nature of e-books, weblogs, periodicals, magazines, newsletters and articles in the field of computer games, video games, mobile games, animation and artwork, and providing information relating thereto; rental of recording media storing game programs for handheld game apparatus with liquid crystal display, mobile phones, smart phones and mobile information communication terminal equipment, and providing information relating thereto; rental of recording media storing game programs for consumer video game apparatus and providing information relating thereto; rental of recording media storing game programs and providing information relating thereto; rental of toys, amusement machines and apparatus, game machines and apparatus, games for smart phones, games, arcade video game |

| | | | machines and consumer video game apparatus, and providing information relating thereto; publication of books and providing information relating thereto; rental of sound and video recordings, and providing information relating thereto; providing amusement facilities, play facilities and sports facilities providing simulated experiences of virtual reality or augmented reality by using computer graphics technology, and providing information relating thereto; providing amusement facilities, play facilities and sports facilities featuring electronic sports, and providing information relating thereto; providing amusement arcade services and providing information relating thereto; providing amusement facilities and providing information relating thereto; organization, arranging or conducting of events featuring cartoons, animations and movies, and providing information relating thereto; organization, arranging and conducting of movies, shows, plays or musical performances, and providing information relating thereto; virtual reality game services for handheld game apparatus with liquid crystal display, mobile phones, smart phones and mobile information communication terminal equipment provided on-line from a computer network, and providing information relating thereto; virtual reality game |
|---|---|---|---|

| | | | | services for consumer video game apparatus provided on-line from a computer network and providing information relating thereto; virtual reality game services provided on-line from a computer network and providing information relating thereto; augmented reality game services for handheld game apparatus with liquid crystal display, mobile phones, smart phones and mobile information communication terminal equipment provided on-line from a computer network, and providing information relating thereto; augmented reality game services for consumer video game apparatus provided on-line from a computer network and providing information relating thereto; augmented reality game services provided on-line from a computer network and providing information relating thereto; mixed reality game services for handheld game apparatus with liquid crystal display, mobile phones, smart phones and mobile information communication terminal equipment provided on-line from a computer network, and providing information relating thereto; mixed reality game services for consumer video game apparatus provided on-line from a computer network and providing information relating thereto; mixed reality game services provided on-line from a computer network and providing information relating thereto; movie theatre presentations |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | or movie film production and distribution, and providing information relating thereto; production of videotape film in the field of education, culture, entertainment or sports, not for movies or television programs and not for advertising or publicity, and providing information relating thereto; providing facilities for movies, shows, plays, music or educational training and providing information relating thereto in Class 041. |
| 5,482,505 | MONSTER HUNTER: WORLD | May 29, 2018 | For: Computer game software; computer games in the form of discs; downloadable game software; downloadable computer games; downloadable graphics and music via a global computer network; downloadable music and for mobile phones and smart phones in Class 009.<br><br>For: Providing computer games to others that may be accessed via the Internet; providing electronic games for mobile phones and smart phones via the internet; providing on-line music, not downloadable; providing on-line non-downloadable electronic publications and documentation, namely, articles and reports featuring computer game strategy and video game strategy; providing online information services relating to entertainment, namely, movies, music and games; providing information about movies, games |

| | | | |
|---|---|---|---|
| | | | and music through communication via mobile phones and smart phones in Class 041. |
| 6,115,890 | MONSTER HUNTER WORLD: ICEBORNE | Aug. 4, 2020 | For: Recorded video game software in the form of ROM cartridges, cassettes, tapes, magnetic disks, optical disks, magneto-optical disks, printed circuit boards and electronic circuits; downloadable video game programs for home video game machines, handheld game apparatus with liquid crystal display, computers, mobile phones, smart phones, mobile communication terminal equipment and arcade video game machines; recorded video game programs; downloadable video game software; Downloadable video game programs; recorded video game software; Computers; downloadable computer software for authorizing access to an Internet website; downloadable computer screen saver software and computer wallpaper software; Downloadable computer screen saver software and computer wallpaper software for mobile phones and smart phones; downloadable interactive multimedia computer game programs; Computer peripherals; Computer mouse; Mouse pads; Straps for mobile phones and smart phones; Mobile phones, smartphones; Downloadable picture images, moving images, images and music for mobile phones, smart phones and mobile communication terminal equipment in the field of |

| | | | | computer games, video games, mobile games, and animation; Downloadable ring tones for mobile phones, smart phones and mobile communication terminal equipment; Downloadable digital music provided from the Internet; Downloadable music files; Downloadable image files in the field of computer games, video games, mobile games, and animation; Downloadable picture and moving image files in the field of computer games, video games, mobile games, and animation; Downloadable electronic publications in the nature of books, periodicals, magazines, newsletters, and articles in the field of computer games, video games, mobile games, and animation; Pre-recorded audio discs featuring music and voice; Pre-recorded audio tapes featuring music and voice; Pre-recorded CD-ROMs featuring video games, computer games, mobile games, animation, and music and artwork; Pre-recorded DVD-ROMs featuring video games, computer games, mobile games, animation, and music and artwork; Phonograph records featuring music and voice; Pre-recorded video discs featuring video games, computer games, mobile games, animation, music and artwork; Pre-recorded video tapes featuring video games, computer games, mobile games, animation, music and artwork; Exposed movie films; Exposed |
|---|---|---|---|---|

| | | | slide films; Slide film mounts in Class 009.<br><br>For: On-line video game services; Providing on-line video games via a computer network; Providing on-line interactive multiplayer video games; Providing video games by means of a computer based system; Providing on-line video games for mobile phones, smart phones and mobile communication terminal equipment; Providing on-line video games; Providing on-line video games for handheld game apparatus and video games; Arranging, organization and conducting of on-line video game competitions; Arranging, organizing and conducting of video game events and video game competitions in the field of electronic sports; Organization of entertainment competition in the nature of video game tournaments; Arranging, organization and conducting of video game tournaments events; Providing on-line picture images, moving images and images, in the field of computer games, video games, mobile games, animation and artwork, not downloadable; Providing on-line videos in the field of computer games, video games, mobile games, animation and artwork, not downloadable; Providing on-line videos, not downloadable, featuring games being played by others; Providing picture images, moving images and |

| | | | images, in the field of computer games, video games, mobile games, animation and artwork via telecommunication of mobile phones, smart phones and mobile communication terminal equipment; Providing on-line music, not downloadable; Entertainment services, namely, live performances by video game players; Providing amusement arcade services; Providing amusement facilities; Presentation of motion pictures in the nature of distributing motion picture films; Production and distribution of motion pictures in the form of films, video tapes and optical disks; Presentation of shows, plays or musical performances; Arranging and planning of movies, shows, plays or musical performances; Direction and performance of plays; Production and distribution of on-line multimedia entertainment programs in the field of electronic sports; Production of radio and television programs; Production of broadcast programs; Providing on-line non-downloadable electronic publications in the nature of e-books, weblogs, periodicals, magazines, newsletters, and articles in the field of computer games, video games, mobile games, animation and artwork; Providing electronic newsletters in the field of computer games, video games, mobile games, animation and artwork; On-line reference library |
|---|---|---|---|

| | | | | services for literature and documentary records; Publication of books and journals; Rental of exposed movie films, exposed slide films, records, pre-recorded audio discs, pre-recorded video discs, pre-recorded audio tapes, pre-recorded video tapes, pre-recorded CD-ROMs and pre-recorded DVD-ROMs; Rental of recording media recorded with game programs; Rental of amusement park machines, amusement arcade game machines, bowling machines, bowling implements, sports equipment, musical instruments and audio equipment; Rental of toys, amusement machines and apparatus, and game machines and apparatus; Educational instructional training services relating to playing video games; Educational training relating to video games; Arranging, conducting and organization of seminars, workshops or training sessions relating to video games; providing recognition by the way of awards and certificates to demonstrate excellence in the field of playing video games in Class 041. |
|---|---|---|---|---|
| 5,183,086 | MONSTER HUNTER GENERATIONS | | Apr. 11, 2017 | For: Computer game software; Computer games in the form of cartridges, cassettes, Video game cartridges; Downloadable game software; Downloadable computer games in Class 009. |
| 6,008,552 | MONSTER HUNTER GENERATIONS ULTIMATE | | Mar. 10, 2020 | For: Electronic circuits, magnetic discs, optical magnetic discs and optical discs in the form of ROM |

|  |  |  | cartridges and storage media storing programs for handheld game apparatus with liquid crystal display; downloadable game programs for handheld game apparatus with liquid crystal display; programs for handheld game apparatus with liquid crystal display; electronic circuits, magnetic discs, optical magnetic discs and optical discs in the form of ROM cartridges and storage media storing programs for consumer video game apparatus; downloadable game programs for consumer video game apparatus; electronic game programs for consumer video game apparatus; downloadable game programs for mobile phones; electronic game programs for mobile phones; downloadable game programs for smart phones; electronic game programs for smart phones; downloadable game programs for mobile information terminal equipment; electronic game programs for mobile information communication terminal equipment; downloadable computer game programs; computer game programs; computer programs; electronic circuits, magnetic discs, optical magnetic discs, optical discs and storage media storing computer game programs; electronic circuits and storage media storing programs for arcade video game machines; downloadable game programs for arcade video game machines; |
|---|---|---|---|

|  |  |  | programs for arcade video game machines; downloadable game programs; downloadable ring tones and music for mobile phones, smart phones and mobile information terminal equipment; downloadable tones and music; recorded audio compact discs featuring music and voice; downloadable images and pictures for the standby display of mobile phones, smart phones and mobile information terminal equipment; downloadable images and pictures; recorded video discs, video tapes and compact discs featuring video games, computer games, mobile games, animation, and music and artwork; downloadable electronic publications in the nature of books, periodicals, magazines, newsletters, manuals, and articles in the field of computer games, video games, mobile games, and animation; storage media storing programs for handheld game apparatus with liquid crystal display, programs for consumer video game apparatus, game programs for computers and programs for arcade video game machines featuring electronic sports; electronic game programs for handheld game apparatus with liquid crystal display, electronic game programs for consumer video game apparatus, electronic game programs for mobile phones, electronic game programs for smart phones, electronic game programs for mobile information |

| | | | |
|---|---|---|---|
| | | | communication terminal equipment, electronic game programs for computers, electronic game programs for arcade video game machines, and electronic game programs featuring electronic sports in Class 009. |
| 5,476,947 | MONSTER HUNTER STORIES | May 22, 2018 | For: Computer game software; Computer games in the form of cartridges, cassettes, discs or tapes; Video game cartridges; Downloadable game software; Downloadable computer games; Electronic game programs for mobile phones and smart phones; Electronic game software for mobile phones and smart phones; Downloadable game program for playing on mobile phones and smart phones; Downloadable game software for playing on mobile phones and smart phones; [Screen saver software and wallpaper software; Downloadable screen saver software and wallpaper software for mobile phones and smart phones;] Downloadable graphics and music via a global computer network; Downloadable [graphics,] music and [ring tones] for mobile phones and smart phones in Class 009.<br><br>For: Providing computer games to others that may be accessed via the Internet; Providing non-downloadable Internet games to others; Providing electronic games for mobile phones and smart phones via the Internet; Providing |

| | | | | on-line music, not downloadable; [Providing on-line videos and images featuring music and games, not downloadable; Providing on-line video games, not downloadable via mobile phones and smart phones; Electronic publishing services, namely, online publication of non-downloadable text and graphic works of others featuring computer and video games and strategies thereof; Providing on-line non-downloadable newsletters in the field of computer games and video games; Providing on-line non-downloadable electronic publications and documentation, namely, articles and reports featuring computer game strategy and video game strategy; Organization of on-line non-downloadable entertainment competitions for others, namely, video gaming competitions, board game competitions, card game competitions, musical competitions, image and video competitions, drawing competitions and painting competitions; Production of motion pictures in the form of films, video tapes and optical disks;] Providing on-line interactive multiplayer games; Providing online information services relating to entertainment, namely, movies, music and games; Providing information about movies, games and music through communication via mobile phones and smart phones in Class 041. |

| 7,524,985 | MONSTER HUNTER PUZZLES FELYNE ISLES | Oct. 1, 2024 | For: Electronic circuits, magnetic discs, optical magnetic discs and optical discs in the form of ROM cartridges and storage media storing game programs for handheld game apparatus with liquid crystal display; downloadable video game programs for handheld game apparatus with liquid crystal display; electronic circuits, magnetic discs, optical magnetic discs and optical discs in the form of ROM cartridges and storage media storing game programs for consumer video game apparatus; downloadable video game programs for consumer video game apparatus; recorded video game programs for consumer video game apparatus; downloadable video game programs for mobile phones; downloadable computer game programs for mobile phones; downloadable computer game programs for smart phones; downloadable video game programs for smart phones; downloadable interactive game programs for mobile information terminal equipment; recorded computer game programs for mobile information communication terminal equipment; downloadable computer game programs; recorded game programs for virtual reality, augmented reality and mixed reality; recorded computer game programs; electronic circuits, magnetic discs, optical magnetic discs, optical discs and storage |

| | | | media storing computer game programs; electronic circuits, magnetic discs, optical magnetic discs, optical discs and storage media storing game programs for mobile phones, smart phones and mobile information communication terminal equipment; electronic circuits and storage media storing game programs for arcade video game machines; downloadable video game programs for arcade video game machines; downloadable video game programs; covers for smart phones with illustrations of characters or scenes of computer games; covers for smart phones featuring logos of computer game titles; cases for smart phones with illustrations of characters or scenes of computer games; cases for smart phones featuring logos of computer game titles; downloadable screen saver and wall paper software for mobile phones and smart phones; downloadable ring tones and music for mobile phones, smart phones and mobile information terminal equipment; downloadable ring tones and music; recorded audio compact discs featuring music; phonograph records featuring music; downloadable images and pictures for the standby display of mobile phones, smart phones and mobile information terminal equipment; downloadable images and pictures in the field of computer games, video games, |
|---|---|---|---|

| | | | mobile games and animation; recorded video discs, video tapes and compact discs featuring video games, computer games, mobile games, animation, and music and artwork; exposed cinematographic films; exposed slide films; slide film mounts; downloadable electronic publications, namely, books, periodicals, magazines, newsletters, and articles in the field of computer games, video games, mobile games, and animation; personal digital assistants in the shape of a watch; smart phones; storage media storing game programs for smart phones, programs for handheld game apparatus with liquid crystal display, game programs for consumer video game apparatus, game programs for computers and programs for arcade video game machines featuring electronic sports; game programs for handheld game apparatus with liquid crystal display, game programs for consumer video game apparatus, game programs for mobile phones, game programs for smart phones, game programs for mobile information communication terminal equipment, game programs for computers, video game programs for computers, game programs for arcade video game machines and game programs featuring electronic sports, all recorded and downloadable in Class 009. |
|---|---|---|---|

| | | | For: Providing online computer games and providing information relating thereto; providing online electronic games and providing information relating thereto; providing online video games and providing information relating thereto; providing online computer games from a computer network and providing information relating thereto; providing online electronic games from a computer network and providing information relating thereto; providing online video games from a computer network and providing information relating thereto; providing online computer games for mobile telephones and providing information relating thereto; providing online electronic games for mobile telephones and providing information relating thereto; providing online video games for mobile telephones and providing information relating thereto; providing online computer games for smart phones and providing information relating thereto; providing online electronic games for smart phones and providing information relating thereto; providing online video games for smart phones and providing information relating thereto; providing online computer games for mobile information communication terminal equipment and providing information relating thereto; providing online electronic |
|---|---|---|---|

| | | | games for mobile information communication terminal equipment and providing information relating thereto; providing online video games for mobile information communication terminal equipment and providing information relating thereto; providing online computer games for handheld games with liquid crystal displays and consumer video game apparatus, and providing information relating thereto; providing online electronic games for handheld games with liquid crystal displays and consumer video game apparatus, and providing information relating thereto; providing online video games for handheld games with liquid crystal displays and consumer video game apparatus, and providing information relating thereto; providing online computer games for arcade video game machines and providing information relating thereto; providing online electronic games for arcade video game machines and providing information relating thereto; providing online video games for arcade video game machines and providing information relating thereto; organization, arranging or conducting of game tournaments for handheld game apparatus with liquid crystal display, mobile phones, smart phones and mobile information communication terminal equipment, and providing |
|---|---|---|---|

| | | | | information relating thereto; organization, arranging or conducting of game tournaments for consumer video game apparatus, and providing information relating thereto; organization, arranging or conducting of computer game tournaments, electronic game tournaments and video game tournaments, and providing information relating thereto; organization, arranging or conducting of entertainment events relating to games for handheld game apparatus with liquid crystal display, mobile phones, smart phones and mobile information communication terminal equipment, and providing information relating thereto; organization, arranging or conducting of entertainment events relating to games for consumer video game apparatus, and providing information relating thereto; organization, arranging or conducting of computer gaming events, electronic gaming events and video gaming events, and providing information relating thereto; organization, arranging or conducting of electronic sports events relating to games for handheld game apparatus with liquid crystal display, mobile phones, smart phones and mobile information communication terminal equipment, and providing information relating thereto; |
|---|---|---|---|---|

| | | | organization, arranging or conducting of electronic sports events relating to games for consumer video game apparatus, and providing information relating thereto; organization, arranging or conducting of electronic sports events, and providing information relating thereto; organization, arranging or conducting of game tournaments in the field of electronic sports, and providing information relating thereto; providing on-line news, information and comments in the field of electronic sports; providing on-line non-downloadable videos featuring electronic sports and providing information relating thereto; provision of online non-downloadable multimedia entertainment programs featuring electronic sports by television, broadband, wireless and on-line services and providing information relating thereto; provision of online non-downloadable images, videos, movies, music and audio in the field of computer games, video games, mobile games, animation and artwork, via computer networks and providing information relating thereto; provision of online non-downloadable images, videos, movies, music and audio in the field of computer games, video games, mobile games, animation and artwork, in communications by handheld game apparatus with liquid crystal display, mobile |
|---|---|---|---|

| | | | telephones, smart phones, mobile information communication terminal equipment and consumer video game apparatus, and providing information relating thereto; entertainment services featuring electronic sports in the nature of video game exhibitions for entertainment purposes, and providing information relating thereto; entertainment services, namely, providing online computer and video games, and providing information relating thereto; providing online non-downloadable electronic publications, namely, in the nature of e-books, weblogs, periodicals, magazines, newsletters and articles featuring electronic sports, and providing information relating thereto; providing online non-downloadable electronic publications, namely, in the nature of e-books, weblogs, periodicals, magazines, newsletters and articles in the field of computer games, video games, mobile games, animation and artwork, and providing information relating thereto; rental of recording media storing game programs for handheld game apparatus with liquid crystal display, mobile phones, smart phones and mobile information communication terminal equipment, and providing information relating thereto; rental of recording media storing game programs for consumer video game apparatus and providing |
|---|---|---|---|

| | | | information relating thereto; rental of recording media storing game programs and providing information relating thereto; rental of toys, amusement machines and apparatus, game machines and apparatus, games for smart phones, games, arcade video game machines and consumer video game apparatus, and providing information relating thereto; publication of books and providing information relating thereto; rental of sound and video recordings, and providing information relating thereto; providing amusement facilities, play facilities and sports facilities providing simulated experiences of virtual reality or augmented reality by using computer graphics technology, and providing information relating thereto; providing amusement facilities, play facilities and sports facilities featuring electronic sports, and providing information relating thereto; providing amusement arcade services and providing information relating thereto; providing amusement facilities and providing information relating thereto; organization, arranging or conducting of events in the nature of movie showing featuring cartoons, animations and movies, and providing information relating thereto; organization, arranging and conducting of movies, shows, plays or musical performances, namely, movie showing, presenting live |
|---|---|---|---|

| | | | | musical performances and presentation of plays, and providing information relating thereto; virtual reality game services for handheld game apparatus with liquid crystal display, mobile phones, smart phones and mobile information communication terminal equipment provided on-line from a computer network, and providing information relating thereto; virtual reality game services for consumer video game apparatus provided on-line from a computer network and providing information relating thereto; virtual reality game services provided on-line from a computer network and providing information relating thereto; augmented reality game services for handheld game apparatus with liquid crystal display, mobile phones, smart phones and mobile information communication terminal equipment provided on-line from a computer network, and providing information relating thereto; augmented reality game services for consumer video game apparatus provided on-line from a computer network and providing information relating thereto; augmented reality game services provided on-line from a computer network and providing information relating thereto; mixed reality game services for handheld game apparatus with liquid crystal display, mobile phones, smart phones and mobile information communication terminal equipment |
|---|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | provided on-line from a computer network, and providing information relating thereto; mixed reality game services for consumer video game apparatus provided on-line from a computer network and providing information relating thereto; mixed reality game services provided on-line from a computer network and providing information relating thereto; movie theatre presentations or movie film production and distribution, and providing information relating thereto; production of videotape film in the field of education, culture, entertainment or sports, not for movies or television programs and not for advertising or publicity, and providing information relating thereto; providing facilities for movies, shows, plays, music or educational training and providing information relating thereto in Class 041. |
| 1,447,723 | CAPCOM | Jul. 14, 1987 | For: PRINTED CIRCUIT BOARD FOR ELECTRONIC AMUSEMENT MACHINES; ELECTRONIC AMUSEMENT MACHINES INCLUDING COIN-OPERATED COMPUTER GAME MACHINES EQUIPPED WITH CRT DISPLAY; PROGRAMMED DATA CARRIERS FOR ELECTRONIC AMUSEMENT MACHINES, INCLUDING THOSE IN THE FORM OF ROM CARTRIDGE, MAGNETIC DISK in Class 028. |

| 3,618,490 | CAPCOM | May 12, 2009 | For: Computer game software; Computer game in the form of cartridges, cassettes, discs or tapes; Video game cartridges; Downloadable game software; Downloadable computer games; Downloadable game software for playing on mobile phones; Screen saver software and wallpaper software; Downloadable screen saver software and wallpaper software for mobile phones; Downloadable images, moving images and music for mobile phones in Class 009.

For: Providing computer games to others that may be accessed via the Internet; Providing non-downloadable Internet games to others; Providing electronic games for mobile telephones via the Internet; Entertainment services, namely, providing prerecorded music, information in the field of music, and commentary and articles about music, all *online* via a global computer network; Electronic publishing services, namely, non-downloadable online publication of the text and graphic works of others featuring computer and video games and strategies thereof; Providing on-line non-downloadable newsletters in the field of computer and video games; Providing on-line non-downloadable electronic publications and documentation in the nature of articles and reports |
|---|---|---|---|

| | | | featuring computer and video game strategy; Organization of entertainment competitions for others, namely, video gaming competitions, board game competitions, musical competitions, image and video competitions, drawing competitions, and painting competitions; Motion picture theater services; Production and distribution of motion pictures in the form of films, video tapes and optical disks; Providing recreational facilities in the nature of amusement parks, amusement arcades and amusement centers; Providing on-line interactive multiplayer games; Providing online information services relating to entertainment, in particular movies, music or games in Class 041. |
|---|---|---|---|
| 4,175,782 | **CAPCOM** | Jul. 17, 2012 | For: Video game and computer game strategy guidebooks; Video game and computer game instruction manuals; Books and magazines in the field of video game and computer game strategy; Books and magazines featuring video game and computer game; A series of books featuring fictional or fantasy stories; Comic books; Graphic novels; Trading cards and collectors cards featuring video game and comic book characters; Stationery in Class 016. |

| | | | |
|---|---|---|---|
| 4,781,985 | CAPCOM | Jul. 28, 2015 | For: Tops; wraps; jackets; jerseys; sweaters; nightwear; tee shirts; gloves; neckties; mufflers; caps; hats; belts for clothing; footwear; masquerade costumes in Class 025.<br><br>For: Arcade video game machines; toy figures; toy guns; action figure toys; stuffed toys; talking toys; playing cards and card games; dolls; board games; billiard equipment; slot machines in Class 028. |

15.     The U.S. registrations for the Capcom Trademarks are valid, subsisting, and in full force and effect, and some are incontestable pursuant to 15 U.S.C. § 1065. The registrations for the Capcom Trademarks constitute *prima facie* evidence of their validity and of Capcom's exclusive right to use the Capcom Trademarks pursuant to 15 U.S.C. § 1057(b). True and correct copies of the federal trademark registration certificates for the Capcom Trademarks are attached hereto as **Exhibit 2**.

16.     The Capcom Trademarks are exclusive to Capcom and are displayed extensively on Capcom Products and in marketing and promotional materials. The Capcom Trademarks are also distinctive when applied to Capcom Products, signifying to the purchaser that the products come from Capcom and are manufactured to Capcom's quality standards. Whether Capcom manufactures the products itself or contracts with others to do so, Capcom has ensured that its products bearing the Capcom Trademarks are manufactured to the highest quality standards.

17.     The Capcom Trademarks are famous marks, as that term is used in 15 U.S.C. § 1125(c)(1) and have been continuously used and never abandoned. The innovative marketing and

product designs of Capcom Products have enabled the Monster Hunter brand to achieve widespread recognition and fame and have made the Capcom Trademarks some of the most well-known marks in the entertainment industry. The widespread fame, outstanding reputation, and significant goodwill associated with the Monster Hunter brand have made the Capcom Trademarks valuable assets of Capcom.

18.     The Capcom Trademarks have been the subject of substantial and continuous marketing and promotion by Capcom. Capcom has marketed and promoted, and continues to market and promote, the Capcom Trademarks in the industry and to consumers through Capcom's official Monster Hunter merchandise website, and through authorized licensees.

19.     Capcom has expended substantial time, money, and other resources on advertising and promoting the Capcom Trademarks. Specifically, Capcom has expended substantial resources in advertising, promoting, and marketing featuring the Capcom Trademarks. Capcom Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs. As a result, products bearing the Capcom Trademarks are widely recognized and exclusively associated by consumers as being high-quality products sourced from Capcom. Capcom Products have become among the most popular of their kind in the world. The Capcom Trademarks have achieved tremendous fame and recognition, adding to the inherent distinctiveness of the marks. As such, the goodwill associated with the Capcom Trademarks is of immeasurable value to Capcom.

20.     Capcom Products are sold only through authorized retail channels and are recognized by the public as being exclusively associated with the Monster Hunter brand.

21.     Defendants are unknown individuals and business entities who own and/or operate one or more of the e-commerce stores under the Seller Aliases identified on Schedule A and/or

other seller aliases not yet known to Capcom. On information and belief, Defendants reside and/or operate in foreign jurisdictions and redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rules of Civil Procedure 17(b).

22.     On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Capcom to learn Defendants' true identities and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Capcom will take appropriate steps to amend the Complaint.

## IV.     DEFENDANTS' UNLAWFUL CONDUCT

21.     The success of the Monster Hunter brand has resulted in significant counterfeiting of the Capcom Trademarks and infringement of the Capcom Copyrighted Works. Because of this, Capcom has implemented a brand protection program by investigating suspicious websites and online marketplace listings identified in proactive Internet sweeps. Recently, Capcom has identified many fully interactive e-commerce stores offering Unauthorized Products on online marketplace platforms like Amazon.com, Inc. ("Amazon"), Dhgate.com ("DHGate"), eBay, Inc. ("eBay"), WhaleCo, Inc. ("Temu"), and Walmart, Inc. ("Walmart"), including the e-commerce stores operating under the Seller Aliases. The Seller Aliases target consumers in this judicial district and throughout the United States. According to a report prepared for The Buy Safe America Coalition, most infringing products now come through international mail and express courier services because of increased sales from foreign online infringers. *The Counterfeit Silk Road:*

*Impact of Counterfeit Consumer Products Smuggled Into the United States*, prepared by John Dunham & Associates (**Exhibit 3**).

22.     Because the infringing products sold by offshore online infringers do not enter normal retail distribution channels, the US economy lost an estimated 300,000 or more full-time jobs in the wholesale and retail sectors alone in 2020. *Id.* When accounting for lost jobs from suppliers that would serve these retail and wholesale establishments, and the lost jobs that would have been induced by employees re-spending their wages in the economy, the total economic impact resulting from the sale of infringing products was estimated to cost the United States economy over 650,000 full-time jobs that would have paid over $33.6 billion in wages and benefits. *Id.* Additionally, it is estimated that the importation of infringing goods cost the United States government nearly $7.2 billion in personal and business tax revenues in the same period. *Id.*

23.     Furthermore, online marketplace platforms like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing infringers to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." **Exhibit 4**, Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. 157, 186 (2020); *see also* report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020), attached as **Exhibit 5**, and finding that on "at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling" and that "[t]he ability to rapidly proliferate third-party online marketplaces greatly complicates enforcement efforts, especially for intellectual property rights holders." Infringers hedge against the risk of being caught and having their websites taken down

from an e-commerce platform by establishing multiple virtual storefronts. **Exhibit 5** at p. 22. Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, infringers can have many different profiles that can appear unrelated even though they are commonly owned and operated. **Exhibit 5** at p. 39. Further, "[e]-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of [infringing products] and [infringers]." **Exhibit 4** at 186-187. Specifically, brand owners are forced to "suffer through a long and convoluted notice and takedown procedure only [for the infringer] to reappear under a new false name and address in short order." *Id.* at p. 161.

24.     Defendants have targeted sales to Florida residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases; offer shipping to the United States, including to Florida; accept payment in U.S. dollars; and, on information and belief, sell Unauthorized Products to residents of Florida.

25.     Defendants concurrently employ and benefit from similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars via numerous methods, including credit cards, Amazon Pay and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. Capcom has not licensed or authorized Defendants to use any of the Capcom Trademarks and/or to copy or distribute the Capcom Copyrighted Works, and none of the Defendants are authorized retailers of Capcom Products.

26.     Many Defendants also deceive unknowing consumers by using the Capcom Trademarks without authorization within the content, text, and/or meta tags of their e-commerce stores to attract consumers using search engines to find websites relevant to Capcom Products. Other e-commerce stores operating under the Seller Aliases omit using the Capcom Trademarks in the item title to evade enforcement efforts while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Capcom Products.

27.     E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

28.     E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their operation, and to avoid being shut down.

29.     Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other Seller Aliases they operate or use. E-commerce stores operating under the Seller Aliases include other notable common features such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, Unauthorized Products for sale by the Seller Aliases bear

similar irregularities and indicia of being unauthorized to one another, suggesting that the Unauthorized Products were manufactured by and come from a common source and that Defendants are interrelated.

30.     E-commerce store operators like Defendants communicate with each other through QQ.com chat rooms and utilize websites, like sellerdefense.cn, that provide tactics for operating multiple online marketplace accounts and evading detection by brand owners. Websites like sellerdefense.cn also tip off e-commerce store operators like Defendants of new intellectual property infringement lawsuits filed by brand owners, such as Capcom, and recommend that e-commerce operators cease their infringing activity, liquidate their associated financial accounts, and change the payment processors that they currently use to accept payments in their online stores.

31.     Infringers, such as Defendants, typically operate under multiple seller aliases and payment accounts so that they can continue operation despite Capcom's enforcement. E-commerce store operators like Defendants maintain offshore bank accounts and regularly move funds from their financial accounts to offshore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Capcom.

32.     Defendants are working to knowingly and willfully manufacture, import, distribute, offer for sale, and/or sell Unauthorized Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Capcom, have knowingly and willfully used, and continue to use, the Capcom Trademarks and/or copies of the Capcom Copyrighted Works in connection with the advertisement, distribution, offering for sale, and/or sale of Unauthorized Products into the United States and Florida over the Internet.

33.     Defendants' unauthorized use of the Capcom Trademarks and/or Capcom Copyrighted Works in connection with the advertising, distribution, offering for sale, and/or sale

of Unauthorized Products into the United States, including Florida, is likely to cause, and has caused, confusion, mistake, and deception by and among consumers and is irreparably harming Capcom.

**COUNT I**
**TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**

34.     This is a trademark infringement action against certain Defendants[3] based on their unauthorized use in commerce of counterfeit imitations of the Capcom Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The Capcom Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Capcom Products offered, sold, or marketed under the Capcom Trademarks.

35.     Certain Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and/or advertising products using counterfeit reproductions of the Capcom Trademarks without Plaintiff's permission.

36.     Capcom owns the Capcom Trademarks. Capcom's United States registrations for the Capcom Trademarks are in full force and effect. Upon information and belief, certain Defendants have knowledge of Capcom's rights in the Capcom Trademarks and are willfully infringing and intentionally using infringing and counterfeit versions of the Capcom Trademarks. Those Defendants' willful, intentional, and unauthorized use of the Capcom Trademarks is likely to cause, and is causing, confusion, mistake, and deception as to the origin and quality of the Unauthorized Products among the general public.

37.     Certain Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

---

[3] Count I applies to all Defendants who infringed the Capcom Trademarks, as outlined in Schedule A attached hereto.

38.     Plaintiff has no adequate remedy at law, and if certain Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of the Capcom Trademarks.

39.     The injuries and damages sustained by Capcom have been directly and proximately caused by certain Defendants' wrongful reproduction, use of advertisement, promotion, offering to sell, and/or sale of Unauthorized Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

40.     Certain Defendants'[4] promotion, marketing, offering for sale, and/or sale of Unauthorized Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Capcom or the origin, sponsorship, or approval of the Unauthorized Products by Capcom.

41.     By using the Capcom Trademarks in connection with the offering for sale and/or sale of Unauthorized Products, certain Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Unauthorized Products.

42.     Certain Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Unauthorized Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

43.     Capcom has no remedy at law and will continue to suffer irreparable harm to its reputation and the associated goodwill of the Monster Hunter brand if certain Defendants' actions are not enjoined.

---

[4] Count II applies to all Defendants who infringed the Capcom Trademarks, as outlined in Schedule A attached hereto.

## COUNT III
## COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT
## REGISTRATIONS (17 U.S.C. §§ 106 and 501)

44.     The Capcom Copyrighted Works constitute original works and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq*.

45.     Capcom owns the Capcom Copyrighted Works. Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a) for the Capcom Copyrighted Works. The Capcom Copyrighted Works are protected by copyright registration numbers which were duly issued to Capcom by the United States Copyright Office. At all relevant times, Capcom has been, and still is, the owner of all rights, title, and interest in the Capcom Copyrighted Works, which have never been assigned, licensed, or otherwise transferred to Defendants.

46.     The Capcom Copyrighted Works are published on the Internet and available to Defendants online. As such, Defendants had access to the Capcom Copyrighted Works via the Internet.

47.     Without authorization from Capcom, or any right under the law, certain Defendants[5] have deliberately copied, displayed, distributed, reproduced, and/or made derivative works incorporating the Capcom Copyrighted Works on e-commerce stores operating under the Seller Aliases and the corresponding Unauthorized Products. Certain Defendants' derivative works are virtually identical to and/or are substantially similar to the look and feel of the Capcom Copyrighted Works. Such conduct infringes and continues to infringe the Capcom Copyrighted Works in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5).

---

[5] Count III applies to all Defendants who infringed the Capcom Copyrighted Works, as outlined in Schedule A attached hereto.

48.     Certain Defendants reap the benefits of the unauthorized copying and distribution of the Capcom Copyrighted Works in the form of revenue and other profits that are driven by the sale of Unauthorized Products.

49.     Certain Defendants have unlawfully appropriated Capcom's protectable expression by taking material of substance and value and creating Unauthorized Products that capture the total concept and feel of the Capcom Copyrighted Works, including the distinctive characters embodied therein.

50.     On information and belief, the certain Defendants' infringement has been willful, intentional, purposeful, and in disregard of and with indifference to Capcom's rights.

51.     Certain Defendants, by their actions, have damaged Capcom in an amount to be determined at trial.

52.     Certain Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Capcom great and irreparable injury that cannot fully be compensated or measured in money. Capcom has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Capcom is entitled to a preliminary and permanent injunction prohibiting further infringement of the Capcom Copyrighted Works.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from – pursuant to the Lanham Act, 15 U.S.C. § 1116; the Copyright Act, 17 U.S.C. § 502; the All Writs Act, 28 U.S.C. § 1651(a); and Federal Rule of Civil Procedure 65:

a.  using the Capcom Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a Capcom Product or is not authorized by Capcom to be sold in connection with the Capcom Trademarks;

b.  reproducing, distributing copies of, making derivative works of, or publicly displaying the Capcom Copyrighted Works in any manner without the express authorization of Capcom;

c.  passing off, inducing, or enabling others to sell or pass off any products as Capcom Products or any other product produced by Capcom, that is not Capcom's or not produced under the authorization, control, or supervision of Capcom and approved by Capcom for sale under the Capcom Trademarks and/or Capcom Copyrighted Works;

d.  committing any acts calculated to cause consumers to believe that Defendants' Unauthorized Products are those sold under the authorization, control, or supervision of Capcom, or are sponsored by, approved by, or otherwise connected with Capcom;

e.  further infringing the Capcom Trademarks and/or Capcom Copyrighted Works and damaging Capcom's goodwill; and

f.  manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Capcom, nor authorized by Capcom to be sold or offered for sale, and which bear any of the Capcom

Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof and/or which bear the Capcom Copyrighted Works;

2) Entry of an Order pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and the Court's inherent authority that, upon Capcom's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms like Amazon, DHGate, eBay, Temu, and Walmart shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Capcom Trademarks and/or Capcom Copyrighted Works;

3) That certain Defendants account for and pay to Capcom all profits realized by those Defendants by reason of those Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Capcom Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the Capcom Trademarks;

5) As a direct and proximate result of certain Defendants' infringement of the Capcom Copyrighted Works, Capcom is entitled to damages as well as those Defendants' profits, pursuant to 17 U.S.C. § 504(b);

6) Alternatively, and at Capcom's election prior to any final judgment being entered, Plaintiff is entitled to the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper pursuant to 17 U.S.C. § 504(c);

7) Capcom is further entitled to recover its attorneys' fees and full costs for bringing this action pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a); and

8) Award any and all other relief that this Court deems just and proper.

Dated this 16th day of December 2025.        Respectfully submitted,

/s/ George C. Sciarrino
George C. Sciarrino
Florida Bar No. 1033844
TME Law, P.C.
10 S. Riverside Plaza
Suite 875
Chicago, Illinois 60606
708.475.1127
george@tme-law.com

*Counsel for Plaintiff Capcom Co., Ltd.*

## **Schedule A**

This page is the subject of Capcom's contemporaneously prepared Motion to File Schedule A to the Complaint Under Seal, which Capcom intends to promptly file upon assignment of this civil case. Accordingly, this page has been redacted pursuant to L.R. 5.4(b)(1).